Michael Faillace [MF-8436]
Michael Faillace & Associates, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
(212) 317-1200
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
----------------------------------------------------------------X
ALBERTO DANIEL BATEN ROJAS, *individually*
*and on behalf of others similarly situated,*

|  |  |
|---|---|
| *Plaintiff,* | **COMPLAINT** |
| -against- | **COLLECTIVE ACTION** **UNDER 29 U.S.C. § 216(b)** |
| PIZZA PETE'S LLC (d/b/a PIZZA PETE'S), PERIESO DILLOTO, JAY SHIM, and TIMMY DOE | **ECF Case** |
| *Defendants.* |  |

----------------------------------------------------------------X

Plaintiff Alberto Daniel Baten Rojas ("Plaintiff Baten" or "Mr.Baten"), individually and on behalf of others similarly situated, by and through his attorneys, Michael Faillace & Associates, P.C., and as against each of Defendants Pizza Pete's LLC (d/b/a Pizza Pete's) ("Defendant Corporation"), Perieso Dilloto, Jay Shim, and Timmy Doe (collectively, "Defendants"), upon information and belief, alleges as follows:

<u>**NATURE OF ACTION**</u>

1.      Plaintiff Baten was an employee of Defendants Pizza Pete's LLC (d/b/a Pizza Pete's), Perieso Dilloto, Jay Shim, and Timmy Doe.

2.      Pizza Pete's is a pizzeria owned by Perieso Dilloto, Jay Shim, and Timmy Doe located at 528 Columbus Avenue, New York, New York 10024.

1

3.      Upon information and belief, Defendants Perieso Dilloto, Jay Shim, and Timmy Doe serve or served as owners, managers, principals or agents of Defendant Corporation and through this corporate entity operate or operated the pizzeria as a joint or unified enterprise.

4.      Plaintiff Baten was an employee of Defendants.

5.      Plaintiff Baten worked long days as a food preparer, a porter, and ostensibly as a delivery worker at the pizzeria located at 528 Columbus Avenue, New York, New York 10024.

6.      However, when ostensibly working as a delivery worker, Plaintiff Baten was required to spend several hours each day performing non-tipped duties unrelated to deliveries, including but not limited to arranging pizza boxes, preparing pizza, stocking the fridge, sweeping and mopping, washing the dishes, and taking out garbage, (hereinafter, "non-delivery, non-tip duties").

7.      Plaintiff Baten regularly worked for Defendants in excess of 40 hours per week, without appropriate minimum wage or overtime compensation for the hours that he worked each week.

8.      Rather, Defendants failed to maintain accurate records of hours worked and failed to pay Plaintiff Baten appropriately for any hours worked either at the straight rate or overtime compensation for the hours over 40.

9.      Further, Defendants failed to pay Plaintiff Baten the required "spread of hours" pay for any day in which he had to work over 10 hours a day.

10.      Defendants employed and accounted for Plaintiff Baten as a delivery worker in their payroll, but in actuality Plaintiff Baten's duties required a significant amount of time spent in non-tipped, non-delivery duties.

11.     Regardless, at all times Defendants failed to pay Plaintiff Baten at the required minimum wage rate.

12.     In addition, under state law, Defendants were not entitled to take a tip credit because Plaintiff Baten's non-tipped duties exceeded 20% of each workday 12 N.Y. C.R.R. §146.

13.     Upon information and belief, Defendants employed the policy and practice of disguising Plaintiff Baten's actual duties in payroll records by designating him as a delivery worker instead of a non-tipped employee. This allowed Defendants to avoid paying Plaintiff Baten at the minimum wage rate.

14.     Defendants' conduct extended beyond Plaintiff Baten to all other similarly situated employees.

15.     At all times relevant to this complaint, Defendants maintained a policy and practice of requiring Plaintiff Baten and other employees to work in excess of forty (40) hours per week without providing the minimum wage and overtime compensation required by federal and state laws and regulations.

16.     Plaintiff Baten now brings this action on behalf of himself, and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), and for violations of the N.Y. Lab. Law §§ 190 *et seq.* and 650 *et seq.* (the "NYLL"), and the "spread of hours" and overtime wage orders of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. Tit. 12, § 146-1.6 (herein the "Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees, and costs.

17.    Plaintiff Baten seeks certification of this action as a collective action on behalf of himself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

18.    This Court has subject matter jurisdiction pursuant to 29 U.S.C. § 216(b) (FLSA), 28 U.S.C. § 1337 (interstate commerce) and 28 U.S.C. § 1331 (federal question). Supplemental jurisdiction over Plaintiff Baten's state law claims is conferred by 28 U.S.C. § 1367(a).

19.    Venue is proper in this District under 28 U.S.C. § 391(b) and (c) because all or a substantial part of the events or omissions giving rise to the claims occurred in this district, Defendants operate their business in this district, and Plaintiff Baten was employed by Defendants in this district.

## PARTIES

### *Plaintiff*

20.    Plaintiff Alberto Daniel Baten Rojas ("Plaintiff Baten" or "Mr. Baten") is an adult individual residing in New York County, New York.

21.    Plaintiff Baten was employed by Defendants from approximately April 2013 until on or about April 2017.

22.    At all relevant times to this complaint, Plaintiff Baten was employed by Defendants as a food preparer, a porter, and ostensibly as a delivery worker at Pizza Pete's, located at 528 Columbus Avenue, New York, New York 10024.

23.    Plaintiff Baten consents to being party Plaintiff pursuant to 29 U.S.C. § 216(b), and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

*Defendants*

24.     Defendants own, operate and/or control a pizzeria located at 528 Columbus Avenue, New York, New York 10024 under the name of Pizza Pete's, at all times relevant to this complaint.

25.     Upon information and belief, Defendant Pizza Pete's LLC ("Defendant Corporation") is a corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principle place of business at 528 Columbus Avenue, New York, New York 10024.

26.     Defendant Perieso Dilloto is an individual engaging (or who was engaged) in business within this judicial district during the relevant time period.

27.     Defendant Perieso Dilloto is sued individually in his capacity as an owner, officer and/or agent of Defendant Corporation.

28.     Defendant Perieso Dilloto possesses or possessed operational control over Defendant Corporation, an ownership interest in Defendant Corporation, or controlled significant functions of Defendant Corporation.

29.     Defendant Perieso Dilloto determined the wages and compensation of employees, including Plaintiff Baten, established the schedules of employees, maintained employee records, and had the authority to hire and fire employees.

30.     Defendant Jay Shim is an individual engaging (or who was engaged) in business within this judicial district during the relevant time period.

31.     Defendant Jay Shim is sued individually in his capacity as an owner, officer and/or agent of Defendant Corporation.

32.    Defendant Jay Shim possesses or possessed operational control over Defendant Corporation, an ownership interest in Defendant Corporation, or controlled significant functions of Defendant Corporation.

33.    Defendant Jay Shim determined the wages and compensation of employees, including Plaintiff Baten, established the schedules of employees, maintained employee records, and had the authority to hire and fire employees.

34.    Defendant Timmy Doe is an individual engaging (or who was engaged) in business within this judicial district during the relevant time period.

35.    Defendant Timmy Doe is sued individually in his capacity as an owner, officer and/or agent of Defendant Corporation.

36.    Defendant Timmy Doe possesses or possessed operational control over Defendant Corporation, an ownership interest in Defendant Corporation, or controlled significant functions of Defendant Corporation.

37.    Defendant Timmy Doe determined the wages and compensation of employees, including Plaintiff Baten, established the schedules of employees, maintained employee records, and had the authority to hire and fire employees.

*Defendants Constitute Joint Employers*

38.    Defendants own, operate and/or control a pizzeria located at 528 Columbus Avenue, New York, New York 10024.

39.    Individual Defendants Perieso Dilloto, Jay Shim, and Timmy Doe possess operational control over Defendant Corporation, possess an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation.

6

40.      Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

41.      Each Defendant possessed substantial control over Plaintiff Baten's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff Baten, and all similarly situated individuals, referred to herein.

42.      Defendants jointly employed Plaintiff Baten, and all similarly situated individuals, and are Plaintiff Baten's (and all similarly situated individuals') employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

43.      In the alternative, Defendants constitute a single employer of Plaintiff Baten and/or similarly situated individuals.

44.      Upon information and belief, Individual Defendants Perieso Dilloto, Jay Shim, and Timmy Doe operate Defendant Corporation as either an alter ego of themselves, and/or fail to operate Defendant Corporation as an entity legally separate and apart from themselves, by, among other things:

(a)      failing to adhere to the corporate formalities necessary to operate Defendant Corporation as a separate and legally distinct entity;

(b)      defectively forming or maintaining Defendant Corporation, by among other things failing to hold annual meetings or maintaining appropriate corporate records;

(c)      transferring assets and debts freely as between all Defendants;

(d)      operating Defendant Corporation for their own benefit as the sole or majority shareholders;

7

(e)    operating Defendant Corporation for their own benefit and maintaining control over this corporation as a closed corporation or closely controlled entity;

(f)    intermingling assets and debts of their own with Defendant Corporation;

(g)    diminishing and/or transferring assets of Defendant Corporation to protect their own interests; and

(h)    other actions evincing a failure to adhere to the corporate form.

45.    At all relevant times, Defendants were Plaintiff Baten's employers within the meaning of the FLSA and NYLL.

46.    Defendants had the power to hire and fire Plaintiff Baten, control the terms and conditions of employment, and determine the rate and method of any compensation in exchange for Plaintiff Baten's services.

47.    In each year from 2013 to 2017, Defendants, both individually and jointly, had gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

48.    In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. For example, numerous items that were sold in the pizzeria on a daily basis were produced outside of the State of New York.

*Individual Plaintiff*

49.    Plaintiff Baten is a former employee of Defendants, who was employed as a food preparer, porter, and ostensibly as a delivery worker. However, when ostensibly working as a delivery worker, he spent more than 20% of each day performing the non-delivery, non-tip duties outlined above.

8

50.     Plaintiff Baten seeks to represent a class of similarly situated individuals under 29 U.S.C. § 216(b).

*Plaintiff Alberto Daniel Baten Rojas*

51.     Plaintiff Baten was employed by Defendants from approximately April 2013 until on or about April 2017.

52.     At all relevant times, Plaintiff Baten was employed by Defendants to work as a food preparer, porter, and ostensibly as a delivery worker.

53.     However, when ostensibly employed as a delivery worker, Plaintiff Baten was also required to spend a significant portion of his work day performing the non-tipped, non-delivery duties described above.

54.     Although Plaintiff Baten was ostensibly employed as a delivery worker, he spent more than 20% of his work time performing non-delivery work throughout his employment with Defendants.

55.     Plaintiff Baten regularly handled goods in interstate commerce, such as food, condiments and supplies necessary to perform his duties as a food preparer, porter and delivery worker.

56.     Plaintiff Baten's work duties required neither discretion nor independent judgment.

57.     Throughout his employment with Defendants, Plaintiff Baten regularly worked in excess of 40 hours per week.

58.     From approximately April 2013 until on or about September 2013, Plaintiff Baten worked as a delivery worker from approximately 4:00 p.m. until on or about 11:00 p.m.

Wednesdays through Saturdays and from approximately 10:00 a.m. until on or about 11:00 p.m. on Mondays (typically 41 hours per week).

59.     In addition, for one week, Plaintiff Baten worked from approximately 10:00 a.m. until on or about 11:00 p.m. on Monday, Thursday, and Saturday and from approximately 4:00 p.m. until on or about 11:00 p.m. on Tuesday and Friday (typically 53 hours per week).

60.     From approximately October 2013 until on or about April 2017, Plaintiff Baten worked as a food preparer, porter and as a delivery worker from approximately 10:00 a.m. until on or about 11:00 p.m. Mondays and Tuesdays and from approximately 10:00 a.m. until on or about 7:00 p.m. Wednesdays through Saturdays (typically 62 hours per week).

61.     Throughout his employment with defendants, Plaintiff Baten was paid his wages in cash.

62.     From approximately April 2013 until on or about September 2013, defendants paid Plaintiff Baten $5.50 per hour.

63.     From approximately October 2013 until on or about January 2016, defendants paid Plaintiff Baten a fixed weekly salary of $500.00.

64.     From approximately January 2016 until on or about October 2016, defendants paid Plaintiff Baten a fixed weekly salary of $550.00.

65.     From approximately October 2016 until on or about April 2017, defendants paid Plaintiff Baten a fixed weekly salary of $575.00.

66.     Plaintiff Baten was never notified by Defendants that his tips were being included as an offset for wages.

67.     Defendants did not account for these tips in any daily or weekly accounting of Plaintiff Baten's wages.

10

68.     Defendants did not provide Plaintiff Baten with any document or other statement accounting for his actual hours worked, or setting forth the rate of pay for all of his hours worked.

69.     No notification, either in the form of posted notices, or other means, was ever given to Plaintiff Baten regarding wages as required under the FLSA and NYLL.

70.     Defendants did not provide Plaintiff Baten with each payment of wages a statement of wages, as required by NYLL 195(3).

71.     Defendants did not give any notice to Plaintiff Baten, in English and in Spanish (Plaintiff Baten's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

72.     Defendants required Plaintiff Baten to purchase "tools of the trade" with his own funds—including five bicycles, a motorcycle, three helmets, a vest, a basket, two sets of lights, and a lock.

*Defendants' General Employment Practices*

73.     Defendants regularly required Plaintiff Baten to work in excess of forty (40) hours per week without paying him the minimum wage, overtime compensation and spread of hours pay.

74.     At all times relevant to this complaint, Defendants maintained a policy and practice of requiring Plaintiff Baten and all similarly situated employees to work in excess of forty (40) hours per week without paying them appropriate minimum wage, overtime compensation, and spread of hours pay as required by federal and state laws.

75.     Defendants required Plaintiff Baten to perform general non-delivery, non-tipped pizzeria tasks in addition to his primary duties as a delivery worker.

76.    Plaintiff Baten was employed ostensibly as a tipped employee by Defendants, although his actual duties included a significant amount of time spent performing non-tipped duties.

77.    Plaintiff Baten was not paid at the minimum wage rate by Defendants. However, under state law, Defendants were not entitled to a tip credit because Plaintiff's non-tipped duties exceeded 20% of each workday. 12 N.Y. C.R.R. § 146.

78.    New York State regulations provide that an employee cannot be classified as a tipped employee "on any day… in which he has been assigned to work in an occupation in which tips are not customarily received." (12 N.Y.C.R.R. §§137-3.3 and 137-3.4).

79.    Similarly, under federal regulation 29 C.F.R. §531.56(e), an employer may not take a tip credit for any employee time if that time is devoted to a non-tipped occupation.

80.    Plaintiff Baten's duties were not incidental to his occupation as a delivery worker, but instead constituted entirely unrelated general pizzeria work with duties including the non-tipped, non-delivery duties described above.

81.    In violation of federal and state law, as discussed above, Defendants classified Plaintiff Baten as a tipped employee and they did not pay him at the required minimum wage rate when they should have classified him as a non-tipped employee and paid him at the minimum wage rate.

82.    Defendants failed to inform Plaintiff Baten that his tips would be credited towards the payment of the minimum wage.

83.    At no time did Defendants inform Plaintiff Baten that they had reduced his hourly wage by a tip allowance.

84. Defendants failed to maintain a record of tips earned by Plaintiff Baten for the deliveries he made to customers.

85. Defendants also failed to post required wage and hour posters in the pizzeria, and did not provide Plaintiff Baten with statutorily required wage and hour records or statements of his pay received, in part so as to hide Defendants' violations of the wage and hour laws, and to take advantage of Plaintiff Baten's relative lack of sophistication in wage and hour laws.

86. Defendants paid Plaintiff Baten all of his wages in cash.

87. By employing these practices, Defendants avoided paying Plaintiff Baten the minimum wage for his regular hours and overtime compensation of time and a half for all of his hours worked in excess of forty (40) hours per week.

88. Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff Baten (and similarly situated individuals) worked, and to avoid paying Plaintiff Baten properly for (1) his full hours worked, (2) for minimum wage, (3) for overtime due and (4) his spread of hours pay.

89. Defendants failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

90. Defendants failed to provide Plaintiff Baten and other employees with wage statements at the time of payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or

13

rates of pay; the number of regular hours worked, and the number of overtime hours worked, as required by NYLL §195(3).

91.     Defendants failed to provide Plaintiff Baten and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

92.     Plaintiff Baten brings his FLSA minimum wage, overtime, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons who are or were employed by Defendants, or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period"), as employees of Pizza Pete's (the "FLSA Class").

93.     At all relevant times, Plaintiff Baten and other members of the FLSA Class who are and/or have been similarly situated, have had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans of willfully failing and refusing to pay them the required

minimum wage under the FLSA, the required overtime pay at a one and one-half their regular rates for work in excess of forty (40) hours per workweek under the FLSA and willfully failing to keep records required by the FLSA.

94.    The claims of the Plaintiff stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION
### (VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA)

95.     Plaintiff Baten repeats and re-alleges all paragraphs above as though fully set forth herein.

96.    At all times relevant to this action, Defendants were Plaintiff Baten's  employers (and employers of the putative FLSA Class members) within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiff Baten (and the FLSA class members), control the terms and conditions of employment, and determine the rate and method of any compensation in exchange for employment.

97.    At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

98.    Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

99.    Defendants failed to pay Plaintiff Baten (and the FLSA Class members) at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

100.    Defendants' failure to pay Plaintiff Baten (and the FLSA Class members) at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

101.    Plaintiff Baten (and the FLSA Class members) were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION
## (VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA)

102.    Plaintiff Baten repeats and re-alleges all paragraphs above as though fully set forth herein.

103.    Defendants, in violation of the FLSA, failed to pay Plaintiff Baten (and the FLSA Class members) overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of 29 U.S.C. § 207 (a)(1).

104.    Defendants' failure to pay Plaintiff Baten (and the FLSA Class members) overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

105.    Plaintiff Baten (and the FLSA Class members) were damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION
## (VIOLATION OF THE NEW YORK MINIMUM WAGE RATE)

106.    Plaintiff Baten repeats and re-alleges all paragraphs above as though fully set forth herein.

107.    At all times relevant to this action, Defendants were Plaintiff Baten's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651. Defendants had the power to hire and fire Plaintiff Baten (and the FLSA Class members), control terms and conditions of employment, and determine the rates and methods of any compensation in exchange for employment.

108.    Defendants, in violation of the NYLL, paid Plaintiff Baten (and the FLSA Class members) less than the minimum wage in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor.

109.    Defendants' failure to pay Plaintiff Baten (and the FLSA Class members) minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

110.    Plaintiff Baten (and the FLSA Class Members) were damaged in an amount to be determined at trial.

### FOURTH CAUSE OF ACTION
### (VIOLATION OF THE OVERTIME PROVISIONS OF
### THE NEW YORK STATE LABOR LAWS)

111.    Plaintiff Baten repeats and re-alleges all paragraphs above as though fully set forth herein.

112.    Defendants, in violation of the NYLL and associated rules and regulations, failed to pay Plaintiff Baten (and the FLSA Class members) overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of N.Y. Lab. Law § 190 *et seq.* and supporting regulations of the New York State Department of Labor.

113.    Defendants' failure to pay Plaintiff Baten (and the FLSA Class members) overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

114.    Plaintiff Baten (and the FLSA Class Members) were damaged in an amount to be determined at trial.

**FIFTH CAUSE OF ACTION**
**(VIOLATION OF THE SPREAD OF HOURS WAGE ORDER**
**OF THE NEW YORK COMMISSIONER OF LABOR)**

115.    Plaintiff Baten repeats and re-alleges all paragraphs above as though fully set forth herein.

116.    Defendants failed to pay Plaintiff Baten (and the FLSA Class members) one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiff Baten's spread of hours exceeded ten hours in violation of New York Lab. Law §§ 190 *et seq*., and 650 *et seq*., and the wage order of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. Tit. 12, § 146-1.6.

117.    Defendants' failure to pay Plaintiff Baten (and the FLSA Class members) an additional hour's pay for each day Plaintiff Baten's  (and the FLSA Class members) spread of hours exceeded ten hours was willful within the meaning of New York Lab. Law § 663.

118.    Plaintiff Baten (and the FLSA Class members) were damaged in an amount to be determined at trial.

**SIXTH CAUSE OF ACTION**
**(VIOLATION OF THE WAGE STATEMENT PROVISIONS**
**OF THE NEW YORK LABOR LAW)**

119.    Plaintiff Baten repeats and re-alleges all paragraphs above as though set forth fully herein.

120.    Defendants did not provide Plaintiff Baten with wage statements upon each payment of wages, as required by NYLL 195(3).

121.    Defendants are liable to Plaintiff Baten in the amount of $5,000, together with costs and attorneys' fees.

**SEVENTH CAUSE OF ACTION**

**VIOLATION OF THE NOTICE AND RECORDKEEPINGREQUIREMENTS OF**

**THE NEW YORK LABOR LAW**

122.    Plaintiff Baten repeats and realleges all paragraphs above as though fully set forth herein.

123.    Defendants failed to provide Plaintiff Baten  with a written notice, in English and in Spanish (Plaintiff Baten's  primary language), of his rate of pay, regular pay day, and such other information as required by NYLL §195(1).

124.    Defendants are liable to Plaintiff Baten in the amount of $5,000, together with costs and attorney's fees.

**EIGHTH CAUSE OF ACTION**
**(RECOVERY OF EQUIPMENT COSTS)**

125.    Plaintiff Baten repeats and re-alleges all paragraphs above as though set forth fully herein.

126.    Defendants required Plaintiff Baten to pay, without reimbursement, the costs and expenses for purchasing and maintaining equipment and "tools of the trade" required to perform his job, such as bicycles, further reducing his wages in violation of the FLSA and NYLL. 29 U.S.C. § 206(a); 29 C.F.R. § 531.35; N.Y. Lab. Law §§ 193 and 198-b.

127.    Plaintiff Baten was damaged in an amount to be determined at trial.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Baten respectfully requests that this Court enter judgment against Defendants:

(a)    Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members, apprising them of the

pendency of this action, and permitting them promptly to file consents to be Plaintiffs in the

FLSA claims in this action;

(b)      Declaring that Defendants violated the minimum wage provisions of, and

associated rules and regulations under, the FLSA as to Plaintiff Baten and the FLSA class

members;

(c)      Declaring that Defendants violated the overtime wage provisions of, and

associated rules and regulations under, the FLSA as to Plaintiff Baten and the FLSA class

members;

(d)      Declaring that Defendants' violation of the provisions of the FLSA were willful

as to Plaintiff Baten and the FLSA class members;

(e)      Awarding Plaintiff Baten and the FLSA class members damages for the amount

of unpaid minimum and overtime wages, and damages for any improper deductions or credits

taken against wages under the FLSA as applicable;

(f)      Awarding Plaintiff Baten and the FLSA class members liquidated damages in an

amount equal to 100% of their damages for the amount of unpaid minimum and overtime wages,

and damages for any improper deductions or credits taken against wages under the FLSA as

applicable pursuant to 29 U.S.C. § 216(b);

(g)      Declaring that Defendants violated the minimum wage provisions of, and rules

and orders promulgated under, the NYLL as to Plaintiff Baten and the members of the FLSA

Class;

(h)      Declaring that Defendants violated the overtime wage provisions of, and rules and

orders promulgated under, the NYLL as to Plaintiff Baten and the members of the FLSA Class;

(i)      Declaring that Defendants violated the recordkeeping requirements of the NYLL

with respect to Plaintiff Baten's and the FLSA Class members' compensation, hours, wages; and any deductions or credits taken against wages;

(j)      Declaring that Defendants' violations of the New York Labor Law were willful as to Plaintiff Baten and the FLSA Class members;

(k)      Awarding Plaintiff Baten and the FLSA class members damages for the amount of unpaid minimum and overtime wages, spread of hours pay and damages for any improper deductions or credits taken against wages, under the NYLL as applicable;

(l)      Awarding Plaintiff Baten and the FLSA class members liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage, overtime compensation and spread of hours pay shown to be owed pursuant to NYLL § 663 as applicable;

(m)      Awarding Plaintiff Baten and the FLSA class members pre-judgment and post-judgment interest as applicable;

(n)       Awarding Plaintiff Baten and the FLSA class members the expenses incurred in this action, including costs and attorneys' fees;

(o)      Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(p)      All such other and further relief as the Court deems just and proper.


## JURY DEMAND

Plaintiff Baten demands a trial by jury on all issues triable by a jury

Dated: New York, New York

April 21, 2017

MICHAEL FAILLACE & ASSOCIATES, P.C.

_____/s/ Michael Faillace_____

By:    Michael Faillace
         60 East 42nd Street, Suite 4510
         New York, New York 10165
         (212) 317-1200
         *Attorneys for Plaintiff*

# Michael Faillace & Associates, P.C.

### Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

April 20, 2017

BY HAND

TO:    Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:              Alberto Daniel Baten Rojas

Legal Representative / Abogado:    Michael Faillace & Associates, P.C.

Signature / Firma:

Date / Fecha:              20 de abril de 2017

*Certified as a minority-owned business in the State of New York*