USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/3/19

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X
ALBERTO DANIEL BATEN ROJAS,         :

                    Plaintiff,      :    17 Civ. 2929 (HBP)

     -against-                      :    OPINION
                                         AND ORDER
PIZZA PETE'S LLC, d/b/a             :
"Pizza Pete's," et al.,
                                    :
                    Defendants.
                                    :
-----------------------------------X
```

PITMAN, United States Magistrate Judge:

Plaintiff brings this action under the Fair Labor Standards Act (the "FLSA"), 29 U.S.C. §§ 201 et al., and the New York Labor Law (the "NYLL") seeking to recover the difference between what he was actually paid and the applicable minimum wage, unpaid overtime premium pay and other damages. Specifically, plaintiff alleges that he was not paid the applicable minimum wage for all the hours he worked, was not paid overtime premium pay at the rate of 150% of his regular hourly rate for the hours he worked in excess of 40 hours per week, did not receive the "spread-of-hours" pay required by the NYLL for those days on which the difference between his start and finish times exceeded ten hours and did not receive the wage statements and wage notices required by the NYLL. The parties have now reached a settlement and the matter is before me on the parties' joint application for approval of the settlement. All parties have

consented to my exercising plenary jurisdiction pursuant to 28 U.S.C. § 636(c).

Plaintiff alleges that he was employed at defendants' pizzeria from April 2013 through April 2017 doing delivery work and performing non-tipped duties unrelated to deliveries such as arranging pizza boxes, making pizzas, stocking the refrigerator, sweeping and mopping, washing the dishes and taking out garbage. Plaintiff claims that from April 2013 through September 2013 he typically worked 41 hours per week and was paid $5.50 per hour for all the hours he worked and that from October 2013 through April 2017 he typically worked 62 hours per week and was paid a fixed salary for all the hours he worked. This fixed salary started at $500.00 per week and was subsequently increased to $550.00 per week in January 2016 and increased again to $575.00 in October 2016. Plaintiff further alleges that defendants took an offset against plaintiff's wages for any tips he received while making deliveries. Plaintiff estimates that he is owed $78,762.00 in unpaid wages and overtime pay; he estimates his total recoverable damages to be approximately $185,000.00.

Defendants claim that plaintiff worked for them for only two and one-half years but admit that plaintiff is owed some damages for unpaid overtime premium pay. Defendant have no time records reflecting the hours plaintiff worked.

I presided over the settlement conference between the parties and their counsel on October 20, 2017. Although the matter did not settle at that time, the parties subsequently agreed to settle the matter for $100,000.00, inclusive of attorney's fees. The parties propose to allocate this figure as follows: (1) $692.00 to be paid to plaintiff's counsel as reimbursement for out-of-pocket costs; (2) one third of the remainder, or $33,102.67, to be paid to plaintiff's counsel as a contingency fee and (3) the net remainder, or $66,205.33, to be paid to plaintiff. The total settlement figure is greater than defendants' best offer at the settlement conference.

> Court approval of an FLSA settlement is appropriate
>
> "when [the settlement] [is] reached as a result of contested litigation to resolve bona fide disputes." Johnson v. Brennan, No. 10 Civ. 4712, 2011 WL 435376, at *12 (S.D.N.Y. Sept. 16, 2011). "If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement." Id. (citing Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1353 n. 8 (11th Cir. 1982)).

Agudelo v. E & D LLC, 12 Civ. 960 (HB), 2013 WL 1401887 at *1 (S.D.N.Y. Apr. 4, 2013) (Baer, D.J.) (alterations in original). "Generally, there is a strong presumption in favor of finding a settlement fair, [because] the Court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement." Lliguichuzhca v. Cinema 60, LLC, 948 F. Supp. 2d 362, 365 (S.D.N.Y. 2013) (Gorenstein, M.J.) (internal quotation marks omitted). In Wolinsky v. Scholastic Inc., 900 F.

3

Supp. 2d 332, 335 (S.D.N.Y. 2012), the Honorable Jesse M. Furman, United States District Judge, identified five factors that are relevant to an assessment of the fairness of an FLSA settlement:

> In determining whether [a] proposed [FLSA] settlement is fair and reasonable, a court should consider the totality of circumstances, including but not limited to the following factors: (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's length bargaining between experienced counsel; and (5) the possibility of fraud or collusion.

(internal quotation marks omitted). The settlement here satisfies these criteria.

First, plaintiff's net settlement -- $66,205.33 after deducting costs and counsel's one-third contingency fee -- represents approximately 84% of his claimed unpaid wages and approximately 36% of his total alleged damages. This percentage is clearly reasonable given the uncertainties inherent in any litigation. See Chowdhury v. Brioni America, Inc., 16 Civ. 344 (HBP), 2017 WL 5953171 at *2 (S.D.N.Y. Nov. 29, 2017) (Pitman, M.J.) (net settlement of 40% of FLSA plaintiffs' maximum recovery is reasonable); Redwood v. Cassway Contracting Corp., 16 Civ. 3502 (HBP), 2017 WL 4764486 at *2 (S.D.N.Y. Oct. 18, 2017) (Pitman, M.J.) (net settlement of 29.1% of FLSA plaintiffs' maximum recovery is reasonable); Felix v. Breakroom Burgers & Tacos, 15 Civ. 3531 (PAE), 2016 WL 3791149 at *2 (S.D.N.Y. Mar.

8, 2016) (Engelmayer, D.J.) (net settlement of 25% of FLSA plaintiff's maximum recovery is reasonable).

Second, the settlement will entirely avoid the expense and aggravation of litigation. The factual and legal issues in this matter would have led to protracted and costly litigation, likely involving multiple depositions to explore the actual length of plaintiff's employment, the hours he worked and his duties. The settlement avoids this burden.

Third, the settlement will enable plaintiff to avoid the risk of litigation. Given the parties' factual dispute concerning the duration of plaintiff's employment and the hours he worked, it is uncertain whether, or how much, plaintiff would recover at trial. If defendants prevailed on their contention that plaintiff worked for them for only two and one half years instead of the four-year period claimed buy plaintiff, plaintiff's recovery would be substantially reduced.

Fourth, because (1) I presided over the settlement conference that preceded the settlement and (2) the settlement figure to which the parties agreed exceeds the best offer defendant made at the settlement conference, I am confident that the settlement is the product of arm's-length bargaining between experienced counsel. Both counsel represented their clients zealously at the settlement conference.

5

Fifth, there are no factors here that suggest the existence of fraud. The fact that the settlement figure exceeds defendants' best offer at the settlement conference negates the possibility of fraud.

Plaintiff's release of defendants will be limited to wage-and-hour claims. I find this release permissible because it is narrowly tailored to wage-and-hour issues. See Redwood v. Cassway Contracting Corp., supra, 2017 WL 4764486 at *3 (release of defendants "from any and all wage and hour and/or notice claims" that could have been brought permissible "because it is limited to claims relating to wage and hour issues"); Yunda v. SAFI-G, Inc., 15 Civ. 8861 (HBP), 2017 WL 1608898 at *3 (S.D.N.Y. Apr. 28, 2017) (Pitman, M.J.) (release that is "limited to claims arising under the FLSA" permissible); see also Santos v. Yellowstone Props., Inc., 15 Civ. 3986 (PAE), 2016 WL 2757427 at *1, *3 (S.D.N.Y. May 10, 2016) (release that is "narrowly-tailored to plaintiffs' wage-and-hour claims" permissible) (Engelmayer, D.J.); Hyun v. Ippudo USA Holdings, 14 Civ. 8706 (AJN), 2016 WL 1222347 at *3-*4 (S.D.N.Y. Mar. 24, 2016) (Nathan, D.J.).

Finally, the settlement provides that one-third of the net settlement figure -- $33,102.67 -- will be paid to plaintiff's counsel as a contingency fee. Plaintiff's counsel has submitted billing records which show his lodestar figure to be $11,426.25. Although contingency fees of one-third in FLSA cases

6

are routinely approved in this Circuit, see Santos v. EL Tepeyac Butcher Shop Inc., 15 Civ. 814 (RA), 2015 WL 9077172 at *3 (S.D.N.Y. Dec. 15, 2015) (Abrams, D.J.); Rangel v. 639 Grand St. Meat & Produce Corp., No. 13 CV 3234 (LB), 2013 WL 5308277 at *1 (E.D.N.Y. Sept. 19, 2013) (approving attorneys' fees of one-third of FLSA settlement amount, plus costs, pursuant to plaintiff's retainer agreement, and noting that such a fee arrangement "is routinely approved by courts in this Circuit"), I find a fee award of one-third here to be excessive. Plaintiff's counsel specializes in handling minimum wage and overtime cases, and this matter is well within the heartland of counsel's practice; there were no unique or unusually difficult

issues in this matter. I appreciate that it appropriate to apply a multiplier to counsel's lodestar figure in contingency fee cases such as this in order to compensate for the risks associ- ated with such cases. Nevertheless, a multiplier of almost 3 is excessive, given the unremarkable nature of this matter. See Fujiwara v. Sushi Yasuda Ltd., 58 F. Supp. 3d 424, 439 (S.D.N.Y. 2014) (Pauley, D.J.)("a multiplier near 2 should, in most cases, be sufficient compensation for the risk associated with contin- gent fees in FLSA cases").

     Accordingly, for all the foregoing reasons, I do not approve the settlement agreement in its current form. I am, however, willing to approve it if counsel's fee is reduced from

$33,102.67 to twice counsel's lodestar figure, i.e., $22,298.50 and the difference remitted to plaintiff. Counsel are to advise me within ten (10) days whether they agree to this modification of the settlement agreement.

Dated:  New York, New York
        September 3, 2019

                                        SO ORDERED

                                        /s/ Henry Pitman
                                        HENRY PITMAN
                                        United States Magistrate Judge

Copies transmitted to:

All Counsel